# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

EVAN RATCLIFF,

    Plaintiff(s),

v.

HUTCHINGS, et al.,

    Defendant(s).

Case No. 2:22-cv-00009-APG-NJK

**ORDER**

[Docket No. 15]

Pending before the Court is Plaintiff's motion to extend the discovery period by 60 days. Docket No. 15. Defendants filed a response in opposition. Docket No. 16. No reply was filed. The Court does not require a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion to extend is **GRANTED**.

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).[1]

In this case, Plaintiff explains that Defendants have not yet provided documentation sought informally and through a request for production. *See* Docket No. 15 at 1. As such, Plaintiff seeks additional time so that defense counsel can provide that documentation or, to the extent necessary, Plaintiff may file a motion to compel. *See id.* Defendants do not meaningfully respond to that

---

[1] Defendants contend that the excusable neglect standard applies because the motion was "filed" on March 9, 2023, but the discovery cutoff expired on March 8, 2023. *See* Docket No. 16 at 4. It appears that Plaintiff submitted his motion for filing on March 5, 2023 (*i.e.*, three days before the discovery cutoff), Docket No. 15 at 3, and meaningfully developed argument has not been presented as to how the motion could be construed as untimely given that circumstances, *cf. Douglas v. Noelle*, 567 F.3d 1103, 1106-07 (9th Cir. 2009) (discussing mailbox rule in § 1983 suits brought by *pro se* prisoners).

representation, instead seeming to fall back on an unelaborated argument that Plaintiff did not comply with the technical requirements for a request for production.  *See* Docket No. 16 at 5 ("Ratcliff fails to explain why he did not send a formal, written discovery request to a named Defendant in a timely manner").  Particularly given Plaintiff's status as a *pro se* prisoner, *Balisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013), and given the need for cooperation in the discovery process, *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015); *see also Fernandez-Morales v. Agustin*, 2023 WL 1768142, at *1 (D. Nev. Jan. 10, 2023) (highlighting that the need for cooperation and common sense in discovery is particularly pronounced in prisoner civil rights litigation), the Court is not persuaded by Defendants' position that the circumstances are not sufficient to establish good cause for an extension in this case.[2]

For good cause shown, the motion to extend is **GRANTED**.  Deadlines are hereby **RESET** as follows:

- Amend pleadings/ add parties:  closed
- Discovery cutoff:  May 8, 2023
- Discovery motions:  May 22, 2023
- Dispositive motions:  June 7, 2023
- Joint proposed pretrial order:  July 7, 2023, or 30 days after resolution of dispositive motions

IT IS SO ORDERED.

Dated: April 3, 2023

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] The Court is likewise not persuaded by the other technical arguments raised by Defendants, which at times border the preposterous.  By way of example, Defendants contend that the motion to extend should be denied because Plaintiff did not include in the caption an indication that this is the first extension sought in this case.  *See* Docket No. 16 at 4 (citing Local Rule IA 6-1).  True enough that all parties, including those without attorneys, are expected to comply with the rules.  But *pro se* prisoners generally lack the legal education that attorneys working for the state possess and are generally afforded some leniency in this regard.  Attorneys in such a situation are generally better served by focusing on the substance of the issues raised, rather than relying on technical arguments.  *See, e.g.*, *Fernandez-Morales*, 2023 WL 1768142, at *1 n.2.