UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EVAN RATCLIFF,<br><br>    Plaintiff(s),<br><br>v.<br><br>HUTCHINGS, et al.,<br><br>    Defendant(s). | Case No. 2:22-cv-00009-APG-NJK<br><br>**Order**<br><br>[Docket Nos. 18, 19] |

Pending before the Court are Plaintiff's motions to compel. Docket Nos. 18-19.[1] Defendants filed responses in partial opposition. Docket Nos. 20-21. Plaintiff filed replies. Docket Nos. 22-23.

Defendants do not dispute that they were required to provide the subject documents in relation to a discovery request and they represent that they have now provided those documents to the prison facility.[2,3] The instant dispute instead boils down to Plaintiff's ability to access copies of the subject documents. Defendants represent that they instructed the prison facility "that Ratcliff should be allowed to review them upon his submission of a kite requesting access." Docket No. 21 at 2. Defendants also highlight that the Nevada Department of Corrections has established a procedure by which inmates may request copies of such documents from the facility.

---

[1] The Court liberally construes the filings of *pro se* litigants, particularly those who are prisoners bringing civil rights claims. *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013).

[2] With respect to the I-File, "Defendants take the position" that the documents therein are not relevant for discovery purposes. Docket No. 20 at 6-7. The ship has sailed on that objection given that the Defendants elsewhere indicate that the motion to compel is moot because they have provided the documents for Plaintiff's access for discovery. *Id.* at 5.

[3] Defendants raise a host of procedural objections in their responses, which are particularly puzzling given that Defendants represent that they have provided the subject documents for Plaintiff to access or copy pursuant to prison regulation.

A.R. 568.05(2).[4]  Plaintiff appears to indicate in reply that he has kited for copies of these documents, but that his request for copies was denied.  *See* Docket No. 23 at 2 ("I was told I could only review my I-file and take notes").  Moreover, Plaintiff replies that he needs copies of these documents to properly litigate his claims.  *Id.*

The Court **DEFERS** ruling on the pending motions to compel.  The Court hereby **ORDERS** Defendants to inquire with the prison facility and to file a supplement explaining the current status of Plaintiff's request(s) for copies.[5]  If Plaintiff has not been given copies of the documents, the supplement must explain why that is the case.[6]  The supplement must be filed by June 13, 2023.  In the meantime, the Court **EXTENDS** the dispositive motion deadline to July 13, 2023, and the joint proposed pretrial order deadline to August 11, 2023.

IT IS SO ORDERED.

Dated: May 30, 2023

_____
Nancy J. Koppe
United States Magistrate Judge

---

[4] Defendants at times suggest that this provision allows an inmate to request copies that the facility will provide to the Court.  *See* Docket No. 20 at 5.  To be clear, the regulation states explicitly that the "copies may be provided *to the inmate*."  A.R. 568.05(2) (emphasis added).

[5] The fact that NDOC has an administrative process by which Plaintiff may obtain copies of the subject documents does not relieve parties or their counsel of the duty to act "to secure the just, speedy, and inexpensive determination of every action."  Fed. R. Civ. P. 1; *see also Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015) (noting during discovery that counsel "should strive to be cooperative, practical and sensible"); *Jones v. Zimmer*, 2014 WL 6772916, at *11 (D. Nev. Dec. 2, 2014) (noting in prisoner civil rights case that there is an overriding requirement of good faith in discovery).  The parties are encouraged to act cooperatively and, when necessary, to help facilitate access to needed discovery.

[6] Although the briefing at times conflates the I-File and the COVID protocols that are at issue in the two motions, the supplement must separately identify the status of copies for Plaintiff and the reason(s) for Plaintiff's lack of copies.

2