UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EVAN RATCLIFF,<br><br>             Plaintiff(s),<br><br>v.<br><br>HUTCHINGS, et al.,<br><br>             Defendant(s). | Case No. 2:22-cv-00009-APG-NJK<br><br>**Order**<br><br>[Docket Nos. 18, 19] |

Pending before the Court are Plaintiff's motions to compel. Docket Nos. 18-19. Defendants filed responses in partial opposition. Docket Nos. 20-21. Plaintiff filed replies. Docket Nos. 22-23. The Court issued an order deferring ruling on the motions to obtain further information. Docket No. 26. Defendants filed a supplement. Docket No. 28. The motions are properly resolved without a hearing. *See* Local Rule 78-1.

Plaintiff is a *pro se* litigant in the custody of the Nevada Department of Corrections. *See* Docket No. 4.[1] Plaintiff seeks to compel copies of the subject documents, which he contends are necessary to properly litigate his case. *See, e.g.*, Docket No. 23 at 2. Defendants submit that Plaintiff already has access to the subject documents and that a process exists by which he may use the documents for litigation purposes. *See, e.g.*, Docket No. 21 at 2; *see also* Docket No. 28. As such, Defendants argue that the motions to compel are moot. *See, e.g.*, Docket No. 21 at 3.

The Court agrees that there is no live controversy at this time. The subject documents have been made available to Plaintiff for his use in litigation. There are administrative mechanisms for

---

[1] The Court liberally construes the filings of *pro se* litigants, particularly those who are prisoners bringing civil rights claims. *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013).

1

Plaintiff to use those documents and he must comply with those mechanisms in consultation with the prison officials at his facility.[2]

Accordingly, the motions to compel are **DENIED** as moot.

IT IS SO ORDERED.

Dated: June 27, 2023

                                                Nancy J. Koppe
                                                United States Magistrate Judge

---

[2] The fact that NDOC has an administrative process by which Plaintiff may obtain copies of the subject documents does not relieve parties or their counsel of the duty to act "to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1; *see also Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015) (noting during discovery that counsel "should strive to be cooperative, practical and sensible"); *Jones v. Zimmer*, 2014 WL 6772916, at *11 (D. Nev. Dec. 2, 2014) (noting in prisoner civil rights case that there is an overriding requirement of good faith in discovery). The supplement outlines efforts of counsel. *See, e.g.*, Docket No. 28.