UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EVAN RATCLIFF,<br><br>    Plaintiff<br><br>v.<br><br>WARDEN HUTCHINGS, et al.,<br><br>    Defendants | Case No.: 2:22-cv-00009-APG-NJK<br><br>**Order Granting Motion for Summary Judgment**<br><br>[ECF No. 24] |

Plaintiff Evan Ratcliff sued multiple defendants for events that took place while he was incarcerated at Southern Desert Correctional Center (SDCC). After screening, Ratcliff's sole remaining claim was for a violation of his Fourteenth Amendment due process right to medical privacy against defendants Vironica Banks and Bob Faulkner for allegedly disclosing Ratcliff's vaccination status to non-medical prison officials. ECF No. 4.

Banks and Faulkner move for summary judgment. They argue that Ratcliff failed to exhaust his administrative remedies because although he complained about being denied a visit with family due to his vaccination status, he did not file a grievance about his vaccination status being revealed to non-medical custody staff. Alternatively, they argue the claim fails on the merits because there was a legitimate penological interest behind the defendants' actions. The defendants also contend they are entitled to qualified immunity. Finally, Faulkner contends that he did not personally participate in any alleged violation.

Ratcliff responds that he exhausted his administrative remedies through grievance number 20063135240, and that grievance was granted, so he did not need to proceed further through the grievance process. He asserts that this grievance should be read to complain about his medical information being shared with non-medical staff. On the merits, he contends that

there was no penological interest in custody staff knowing his vaccination status because a vaccination was not required to receive visits from family on the date in question. He asserts that the law was clearly established that prisoners have a right to privacy in their medical information even in the context of communicable diseases. Finally, he contends that Banks told him that Faulkner was the one who communicated Ratcliff's vaccination status to her, so Faulkner personally participated in the violation.

## I.  ANALYSIS

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 440-41 (9th Cir. 2017).

Under the Prison Litigation Reform Act (PLRA), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Exhaustion of administrative remedies prior to filing a lawsuit is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

The PLRA requires "proper exhaustion" of an inmate's claims. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).  That means the inmate must "use all steps the prison holds out, enabling the prison to reach the merits of the issue." *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009).  The inmate thus must comply "with an agency's deadlines and other critical procedural rules because no adjudication system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford*, 548 U.S. at 90-91.

Failure to exhaust is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 216 (2007).  Consequently, the defendants bear the burden of proving the inmate failed to exhaust an available administrative remedy. *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014) (en banc).  If the defendants do so, then the burden shifts to the inmate to show "there is something particular in his case that made the existing and generally available administrative remedies effectively unavailable to him by showing that the local remedies were ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile." *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (quotation omitted).  The defendants bear the "ultimate burden" of proving a failure to exhaust. *Id.*

The defendants have presented evidence that grievance number 20063125240 did not complain of private medical information being revealed to non-medical custody staff and that Ratcliff filed no other grievance on the topic. *See* ECF Nos. 24-4; 24-5.  Ratcliff responds that grievance number 20063125240 should be read liberally to include a complaint about medical privacy.  But a review of that grievance at each level shows that Ratcliff complained only about

being denied a family visit, not about concerns regarding medical privacy or that non-medical custody staff knew about his vaccination status. *See* ECF Nos. 24-4; 25 at 13-16. His grievance therefore did not "alert[] the prison to the nature of the wrong for which redress is sought" and "did not provide enough information . . . to allow prison officials to take appropriate responsive measures." *Griffin*, 557 F.3d at 1120-21 (quotations omitted).

Ratcliff has presented no argument or evidence that the grievance process was not available to him. To the contrary, the evidence shows he was able to use the process to file a grievance about his denied family visit. Because no genuine dispute remains that Ratcliff did not exhaust his available administrative remedies for the sole remaining claim in this case, I grant the defendants' summary judgment motion.

## II. CONCLUSION

I THEREFORE ORDER that the defendants' motion for summary judgment **(ECF No. 24) is GRANTED**. The clerk of court is instructed to enter judgment in favor of defendants Vironica Banks and Bob Faulkner and against plaintiff Evan Ratcliff, and to close this case.

DATED this 6th day of December, 2023.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

4